UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

JEFF MACOMBER, et al.,

Defendants.

Case No.: 1:26-cv-02565-EGC (PC)

**ORDER DENYING MOTION TO EXCEED PAGE LIMIT**

(Doc. 2)

**ORDER STRIKING COMPLAINT FOR FAILURE TO COMPLY WITH PAGE LIMITS PURSUANT TO STANDING ORDER**

(Doc. 1)

**ORDER DIRECTING PLAINTIFF TO FILE COMPLAINT NOT EXCEEDING 25 PAGES**

**30-Day Deadline**

Plaintiff Patrick A. Cannavan is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

On April 6, 2026, Plaintiff filed a complaint (Doc. 1), a motion to exceed page limit (Doc. 2) and an application to proceed *in forma pauperis* (Doc. 3).

Plaintiff was granted in forma pauperis (IFP) status on April 8, 2026. (Doc. 8.)

On May 4, 2026, this matter was reassigned to the undersigned following the retirement of

formerly assigned Magistrate Judge Sheila K. Oberto. (Doc. 10.)

## II. DISCUSSION

### ***The Complaint and the Motion to Exceed Page Limit***

The undersigned has conducted a preliminary review of the 66-page complaint and Plaintiff's motion to exceed the page limit. The complaint names Jeff Macomber, Secretary of the California Department of Corrections and Rehabilitation (CDCR), California Substance Abuse Treatment Facility Warden Raul Morales, an unidentified number of "Doe(s)" in that facility's "I.T." department, and "Mrs. Hampton," an "Education" employee.[1] Asked to identify the "facts underlying" his claim in the form portion of the complaint, Plaintiff wrote: "The I.T. department, on guidance of Cor-SATF, remotely accessed the ADA computer (O.P. ss 542) and without plaintiff authorization or knowledge deleted all active Federal and State cases, evidence, research, case support, writings, filled, yet to be filed just days prior to hearings."

Following the form portion of the complaint are more than 50 pages that commence with a "Table of Contents" and all include a footer identifying that document as a "Petition for Writ of Habeas Corpus." (*See* Doc. 13-66.) That lengthy section includes factual allegations interspersed with citations to state and federal authorities. Further, given the length of the document and its references to materials beyond the facts underlying his claims, it is difficult to decipher precisely how many claims Plaintiff intended to present.

In a single page motion, Plaintiff states he "formally request[s] the court to allow the filing and attachments to be in excess of the 'strongly encouraged' 25 pages, in light of the circumstances." (Doc. 2.)

On February 24, 2016, this Court issued a Standing Order for the United States District Court for the Eastern District of California, Fresno Division, that describes a pilot program in

[1] The Court observes other individuals' names appear in the body of the lengthy complaint but those individuals are not identified as named defendants in this action. Plaintiff is advised that referencing an individual in the body of the complaint does not mean that individual is a named defendant in the action. Only those individuals expressly identified in the form complaint, in the section titled "The Defendant(s)" are properly named defendants. The Court further observes that Plaintiff has identified "Mr. Fanning (Witness)" in the caption of his complaint; "Mr. Fanning" is not identified as a named defendant. A witness is not a defendant. Unless Plaintiff has a constitutional claim against Fanning, the reference should be omitted in the caption for this action.

which the Court and the CDCR have agreed to participate in a program whereby initial pleadings submitted by prisoners in civil rights cases involving conditions of confinement claims are electronically filed.[2] As part of this pilot program, CDCR has agreed to collaborate with the Court to obtain and maintain participating penal institutions under the program. Participating penal institutions shall be those institutions which CDCR and the Court agree shall participate in the program. This pilot program is designed to reduce the costs of processing court filings in civil rights cases brought by incarcerated Plaintiffs pursuant to 42 U.S.C. § 1983. This Standing Order only applies to initial filings by Plaintiffs which is defined as the complaint, an application to proceed IFP, or a motion seeking relief from this Standing Order or a motion for emergency relief. At a CDCR participating facility, no initial documents will be accepted for filing by the Clerk of the Court unless done pursuant to the Standing Order or the scanning equipment is inoperable for a period longer than forty-eight (48) hours. After the initial filings, all other filings shall be mailed and comply with the Local Rules for the United States District Court for the Eastern District of California. Initial filings from inmate Plaintiffs who reside at participating institutions, not sent through the e-filing procedures, unless those for which the filing fee is paid in full, will be rejected by the Court.

Plaintiffs shall provide their complaint and any application to proceed IFP without prepayment of fees to CDCR in conformity with CDCR's procedures for the electronic filing of initial documents, including any applicable procedures for paying for photocopies. Plaintiffs are required to pay for photocopies according to the applicable CDCR policies and procedures. To facilitate compliance with Federal Rule of Civil Procedure 8(a)(2), complaints shall not exceed twenty-five (25) pages in length. Any exhibits attached to a complaint shall count toward the twenty-five-page limit. In the event a Plaintiff needs to file a complaint longer than twenty-five (25) pages, he or she must submit a motion demonstrating the grounds for the need to exceed the page limitation, along with the proposed complaint, to the Court for permission to exceed the

[2] The Court's Standing Order In Re: Procedural Rules for Electronic Submission of Prisoner Litigation Filed by Plaintiffs Incarcerated at Participating Penal Institutions, dated February 24, 2016 with an effective date of March 1, 2016, may be accessed on the Court's website at: https://www.caed.uscourts.gov/caednew/assets/File/Standing%20Order%203-1-16.pdf, as of 8/3/2026.

page limit.

Here, as noted above, Plaintiff has electronically filed a 66-page complaint along with a motion to exceed the page limit. However, Plaintiff has failed to demonstrate the need to exceed that page limit. It is unclear what "circumstances" Plaintiff believes warrants permitting him to exceed the applicable page limitation.

The Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief" and the Court's February 24, 2016 Standing Order. The complaint will therefore be stricken for exceeding the page limitation set by the Court's February 24, 2016 Standing Order. The Court will grant Plaintiff the opportunity to file a complaint <u>not exceeding 25 pages in length, including exhibits</u>.

Plaintiff should avoid citations to legal authority in his complaint not exceeding 25 pages because, at screening, a plaintiff's factual allegations are accepted as true but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, because the Court is familiar with the legal standards applicable to section 1983 claims, Plaintiff need not include that information. Next, Plaintiff will be directed to use this Court's Civil Rights Complaint by a Prisoner form. As stated on the form, prisoner plaintiffs are instructed as follows: "State the facts clearly in your own words *without citing legal authority or arguments*." (Italics added.) Again, what is required are "short and plain statement(s)" of *fact* not law.

In addition to the complaint being brief, it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678-79. Vague references to "Defendants" or "officers" will not suffice. *See Gibson v. City of Portland*, 165 F.4th 1265, 1287-90 (9th Cir. 2026) (simply grouping some or all defendants and ascribing to them generalized assertions of overall conduct is insufficient). Stated another way, any refiled complaint must comply with Rule 8 by clearly and succinctly stating what happened, when it happened, and how each defendant was involved.

Additionally, Plaintiff is advised he may not change the nature of this suit by adding new,

unrelated claims in his refiled complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). And, Plaintiff is further advised that an amended or refiled complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's refiled complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion to exceed the page limit (Doc. 2) is **DENIED**;
2. The complaint filed on April 6, 2026 (Doc. 1) is **STRICKEN** from the record for failure to comply with the Court's page limitation as set forth in the February 24, 2026 Standing Order;
3. The Clerk of the Court shall send Plaintiff a Civil Rights Complaint by a Prisoner form;
4. Plaintiff is granted leave to refile his complaint;
5. **Within 30 days** from the date of service of this order, Plaintiff may refile a complaint, **not to exceed 25 pages in length, including any exhibits**; and
6. **Plaintiff's failure to file a complaint in compliance with this order will result in a recommendation that this case be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim**.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Erin Sing Castillo
UNITED STATES MAGISTRATE JUDGE